People v Boyd (2025 NY Slip Op 50745(U))

[*1]

People v Boyd (Anthony)

2025 NY Slip Op 50745(U)

Decided on May 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 12, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570543/19

The People of the State of New York, Respondent, 
against
Anthony Boyd, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Nicholas W. Moyne, J.), rendered May 17, 2019, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Nicholas W. Moyne, J.), rendered May 17, 2019, affirmed. 
In view of defendant's knowing waiver of the right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of third-degree assault (see Penal Law § 120.00). The "physical injury" element of the offense was satisfied by allegations that defendant "str[uck] [the complainant] about the face with a closed fist, causing redness and swelling to his face and neck, a bruise to his left eye, a scratch on his neck, and substantial pain." Based on these allegations, a reasonable person could infer that the victim felt "substantial pain" (Penal Law § 10.00 [9]; see People v Henderson, 92 NY2d 677, 680 [1999]; People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]).
Contrary to defendant's further contention, the complaint "contained sufficient nonconclusory allegations" that defendant was the individual who committed the offense (People v Thomas, 220 AD3d 582, 582 [2023], lv denied 41 NY3d 944 [2024]). Defendant knew from the complaint's factual allegations what he was accused of doing; where, when, and how he allegedly did it; and could assess what defenses were available to him (see People v Willis, NY3d , 2025 NY Slip Op 01405, *2 [Mar. 13, 2025, Troutman, J.]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 12, 2025